**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**SETH LANGER**
1411 Massachusetts Ave SE, #2
Washington, DC 20003

***Plaintiff*,**

**v.**

**UNITED STATES OF AMERICA**

**SERVE:** Jeanine Pirro
United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street NW
Washington, DC 20530

Todd Blanche
Attorney General
U.S. Department of Justice
175 N Street, NE
Washington, DC 20002

***Defendant*.**

Civil Action No. 1:26-cv-03627

## COMPLAINT

COMES NOW Plaintiff Seth Langer ("Plaintiff"), by and through undersigned counsel, and brings this Complaint against Defendant United States of America ("Defendant"). In support thereof, Plaintiff alleges the following:

## NATURE OF THE CASE

1. This is an action against Defendant United States of America under the Federal Tort Claims Act for damages arising out of personal injuries suffered by Plaintiff Seth Langer on June

24, 2025, when a light post in a public park administered by the National Park Service fell on Plaintiff, shattering his femur. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered serious and permanent physical injuries, resulting in damages that include past and future medical expenses and pain and suffering.

## PARTIES

2. Plaintiff Seth Langer is a natural person, a citizen of the United States, and was, at all relevant times, a resident of the District of Columbia.

3. Defendant United States of America, through its agency, the National Park Service, owns, operates, and administers Lincoln Park, located in the Capitol Hill neighborhood of the District of Columbia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this is an action arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1402(b), as Plaintiff resides in the District of Columbia and as the acts and omissions giving rise to this action took place in the District of Columbia.

6. Plaintiff timely submitted an SF-95 claim with the United States Department of the Interior and the National Park Service on December 2, 2025, for damages sustained from the negligent conduct described herein. *See* **Exhibits A** and **B**.

7. Plaintiff's SF-95 claim was received by both the United States Department of the Interior and the National Park Service National Capital Area Regional Office on December 8, 2025. *See* **Exhibits C** and **D**.

8. More than six months have passed since the Department of the Interior and the National Park Service received Plaintiff's claim, and neither agency has made final disposition of it. Plaintiff therefore elects to deem the claim finally denied pursuant to 28 U.S.C. § 2675(a).

## FACTS

9. On June 24, 2025, at approximately 7:00 p.m., Plaintiff was hanging a hammock between a light post and a tree in Lincoln Park, in the District of Columbia.

10. Lincoln Park is open to the general public and was open to the general public at all relevant times.

11. Lincoln Park is owned, operated, and administered by the National Park Service.

12. The National Park Service is an agency of the United States Department of the Interior.

13. After Plaintiff finished hanging the hammock, but before he attempted to sit in it, the light post fell suddenly and without warning.

14. The light post struck Plaintiff's leg above the left knee.

15. The light post shattered Plaintiff's left femur, and Plaintiff was pinned underneath the lamp post.

16. The light post had not been anchored to the ground in any way.

17. The dangerous and negligent installation, inspection, and maintenance of the light post made it entirely foreseeable that the light post could topple and fall on someone, as it did here.

18. The sole and proximate cause of Plaintiff's injuries was Defendant's negligence in installing, inspecting, and maintaining light posts in Lincoln Park and failing to maintain reasonably safe premises.

19. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries.

20. Plaintiff required medical treatment for his injuries, including surgery to set the displaced fracture in his femur, and may require medical treatment in the future.

21. Plaintiff suffered excruciating pain as a result of his injuries, and will continue to suffer pain in his leg in the future.

22. Since his injury, Plaintiff can no longer lead the life he once enjoyed.

23. Plaintiff was not negligent himself in contributing to the collapse of the light post, his injuries, or his damages.

**COUNT I – NEGLIGENCE**

24. All preceding paragraphs are incorporated by reference as though fully set forth herein.

25. At all relevant times, Plaintiff was lawfully upon property owned and administered by the National Park Service, Lincoln Park in the District of Columbia.

26. At all relevant times, an unknown employee or employees of the National Park Service were acting within the scope of their employment.

27. Under the Federal Tort Claims Act, Defendant United States of America is liable for personal injury caused by the negligent or wrongful act or omission of any employee of the United States Government while acting within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28. The National Park Service employees whose acts and omissions are described herein were employees of the United States Government, and the National Park Service is an agency of Defendant.

29. At all relevant times herein, the employee(s) of the National Park Service owed a duty to Plaintiff to maintain reasonably safe premises, including (a) ensuring proper installation of light posts in Lincoln Park, including securing light posts to the ground with anchoring devices; (b) inspecting the grounds of Lincoln Park to identify any dangerous conditions; and (c) maintaining any light posts in Lincoln Park in safe working condition.

30. National Park Service employee(s), and therefore Defendant, breached this duty by failing to ensure that (a) the light posts were properly anchored to the ground; (b) adequate inspections were undertaken to detect dangerous conditions; and (c) the light posts were adequately and regularly maintained to ensure they remained in proper working order.

31. The National Park Service employee(s) directly and proximately caused the light post to fall on Plaintiff by breaching the aforementioned duty of care.

32. As a direct and proximate result of the National Park Service employee(s)'s negligence, Plaintiff suffered damages, including but not limited to, serious physical and emotional injuries.

33. As a direct and proximate result of the National Park Service employee(s)'s negligence, Plaintiff suffered negative effects to his overall physical and mental well-being from his physical injuries.

34. As a direct and proximate result of the National Park Service employee(s)'s negligence, Plaintiff suffered and will continue to suffer physical pain and emotional distress.

35. As a direct and proximate result of the National Park Service employee(s)'s negligence, Plaintiff suffered from disfigurement, and humiliation and embarrassment associated with the disfigurement.

36. As a direct and proximate result of the National Park Service employee(s)'s negligence, Plaintiff incurred and will continue to incur medical and other expenses.

37. As a direct and proximate result of the National Park Service employee(s)'s negligence, Plaintiff has experienced and will continue to experience inconvenience.

38. For such injuries proximately resulting from the National Park Service employee(s)'s foregoing negligent conduct, Defendant United States of America is liable to Plaintiff Seth Langer for compensatory damages in an amount not less than **two million dollars ($2,000,000.00)**, which amount shall be proven at trial.

WHEREFORE, Plaintiff Seth Langer demands judgment against Defendant United States of America as follows: (1) compensatory damages in an amount not less than **two million dollars ($2,000,000.00)**, which amount shall be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

Dated: October 16, 2026

Respectfully submitted,

**SETH LANGER**

By: ______________________

Jacob M. Lebowitz, DC Bar #483742
POSEY LEBOWITZ, PLLC
3221 M Street NW
Washington, DC 20007
(202) 524-0123 (telephone)
(202) 810-9009 (facsimile)
jlebowitz@poseylebowitz.com

*Counsel for Plaintiff*